UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GERALD SMITH,

    Petitioner,           Civil No. 2:20-CV-11869
                                  HONORABLE SEAN F. COX
                                  UNITED STATES DISTRICT JUDGE

v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

**<u>OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT
OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY</u>**

    Joseph Gerald Smith, ("petitioner"), presently confined at the Federal Medical Center in Lexington, Kentucky, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner seeks to be released to home confinement pursuant to the provisions of the Second Chance Act of 2007. In the interests of justice, the Court concludes that jurisdiction over this petition lies in the United States District Court for the Eastern District of Kentucky and will therefore order that the petition be transferred to that district.

**I. DISCUSSION**

    A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d

1

414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977). Claims which seek to challenge the execution or manner in which a federal prisoner's sentence is served shall therefore be filed in the court having jurisdiction over the prisoner's custodian pursuant to § 2241. *Charles v. Chandler,* 180 F. 3d 753, 756 (6th Cir. 1999); *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. *See Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003). Therefore, the fact that Petitioner may have been convicted in the Eastern District of Michigan would not give this Court jurisdiction over his § 2241 habeas petition, because this Court does not have jurisdiction over the warden of the federal prison where Petitioner is incarcerated. *See Robinson v. Morrison,* 27 F. App'x. 557 (6th Cir. 2001).

Petitioner's request to be released to home confinement pursuant to the Second Chance Act is properly brought as a habeas petition in the district of petitioner's confinement. *See Provenzale v. Farley*, No. 1:11CV1318, 2012 WL 1068878, at * 2 (N.D. Ohio Mar. 29, 2012). Petitioner's current custodian is the

warden of the Federal Medical Center in Lexington, Kentucky, which is located in the United States District Court for the Eastern District of Kentucky.

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte*. *Chatman-Bey v. Thornburgh,* 864 F. 2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over Petitioner's custodian, it must transfer the case to the federal district court which has jurisdiction over Petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Eastern District of Kentucky.

Dated: July 20, 2020               s/Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge