UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOSEPH GERALD SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 20-314-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA and | ) | **MEMORANDUM OPINION** |
| WARDEN QUINTANA, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate and Petitioner Joseph Gerald Smith is currently confined at the Federal Medical Center-Lexington ("FMC-Lexington") in Lexington, Kentucky. Proceeding without an attorney, Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [Record No. 1][1] This matter is pending for initial screening of the petition as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[2]

---

[1] Smith originally filed his petition in Michigan. However, a habeas petition must be filed in the district court where the prisoner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because FMC-Lexington is located in Fayette County, Kentucky, which is in this judicial district, the United States District Court in the Eastern District of Michigan transferred Smith's petition to this Court. [Record No. 2]

[2] Petitions filed under § 2241 are subject to initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

Smith states that, in 2018, he pled guilty to one count of distribution of cocaine base in the United States District Court for the Eastern District of Michigan. [Record No. 1] In June 2018, he was sentenced to a term of imprisonment of 77 months. [*Id*.] In his § 2241 petition, he seeks relief under the "Second Chance Act," 18 U.S.C. § 3624, and requests that this Court direct that he be placed in a Residential Reentry Center ("RRC") or a halfway house for 12 months. [*Id*. at p. 5, 9] Smith does not indicate whether he presented his request to the Bureau of Prisons ("BOP") prior to filing his § 2241 petition.

While 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, authorizes the BOP to *consider* placing an inmate in a community correctional facility for up to twelve months, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Instead, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Likewise, while the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), allows the Bureau of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," it does not give courts the authority to grant home confinement requests. Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2).

Moreover, the BOP's placement decisions, including determinations regarding halfway house and RRC placement, are expressly insulated from judicial review, as the provisions of

the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). Thus, this Court cannot grant the relief that Smith seeks.

Because Smith's § 2241 petition fails to establish a right to habeas relief, the Court hereby

**ORDERS** as follows:

1. Smith's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: July 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky